Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50125 | **DATE** | 7/30/2003 |
| **CASE TITLE** | BELKNAP vs. FORD MOTOR COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Ford's motion to dismiss Count V is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 3 1 2003 | 15 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7-30-03 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On January 7, 2002, plaintiff Terry Belknap lost control and rolled over his Ford F150 truck while driving on Interstate 88 in Whiteside County, Illinois. Belknap suffered various injuries as a result of the accident, which he claims was caused by the sudden and uncontrolled acceleration of the truck while the cruise control was engaged. On March 27, 2003, Belknap filed a complaint against Ford Motor Company ("Ford"), alleging a manufacturing defect, a design defect, failure to warn, negligence and res ipsa loquitur. Ford moved to dismiss the res ipsa loquitur count (Count V) pursuant to Fed. R. Civ. P. 12(b)(6), which is currently before this court. Jurisdiction is proper under 28 U.S.C. § 1332 as Ford is a Delaware corporation with its principal place of business in Michigan, Belknap is an Illinois citizen, and the amount in controversy exceeds $75,000. Illinois law applies. See Checkers Eight Ltd. P'ship. v. Hawkins, 241 F.3d 558, 561 (7th Cir. 2001). Ford offers two arguments in support of its motion to dismiss. First, Ford claims Belknap cannot show that the accident was one that ordinarily would not occur in the absence of defendant's negligence. Second, Ford argues Belknap cannot establish that it had exclusive control over the vehicle involved in the accident.

Although Belknap treats his res ipsa loquitur argument as a separate claim, in actuality "[it] is simply a rule of evidence relating to the sufficiency of plaintiff's proof." Lynch v. Precision Machine Shop, Ltd., 93 Ill. 2d 266, 274 (1982). "Furthermore, it must be noted that this discussion [examining the elements of a res ipsa loquitur count] is largely academic. If the court dismissed plaintiffs' res ipsa loquitur counts, plaintiffs would still be entitled to pursue their res ipsa loquitur theory under their negligence counts." In re Chicago Flood Litigation, 1993 WL 278553, No. 93 C 1214 (N.D. Ill. 1993). Belknap is permitted to use res ipsa loquitur to attempt to prove Ford's negligence, whether or not Count V is dismissed. However, permission to proceed with a res ipsa theory of recovery is not equivalent to an automatic finding of negligence. Res ipsa loquitur only "permits, but does not compel, the trier of fact to find that the defendant acted negligently." Lynch at 274. Res ipsa loquitur is pled primarily to give notice. As to the two arguments raised by Ford, while there may be circumstances where a plaintiff has pled facts that show a res ipsa loquitur theory cannot succeed and would warrant striking that portion of the pleading, that is not the case here. Whether Belknap can support his allegations of res ipsa loquitur with facts remains for another day.

For the reasons stated above, Ford's motion to dismiss Count V is denied.